**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JACK CANTATORE<br>329 Garden Street<br>Hoboken, NJ 07030<br><br>*Plaintiff*<br><br>vs.<br><br>NEW JERSEY TRANSIT RAIL<br>OPERATIONS, INC.<br>One Penn Plaza East<br>Newark, NJ 07105<br><br>*Defendant* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: Civil Action No.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## **COMPLAINT**

1. The Plaintiff, Jack Cantatore, is a citizen of the State of New Jersey, residing at 329 Garden Street in Hoboken, New Jersey.

2. Defendant, New Jersey Transit Operations, Inc. (hereinafter referred to as "NJTRO"), is a corporation organized and existing under the laws of the State of New Jersey, whose principal place of business and address for service of process is One Penn Plaza East, Newark, New Jersey 07105.

3. The action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, Sec 51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act", and under "The Federal Safety Appliance Act", Title 45, U.S.C.A., Sec. 1-16 inclusive and under "The Federal Boiler Inspection Act", Title 45, U.S.C.A., Sec. 22-34, inclusive.

4.	The defendant, New Jersey Transit Rail Operations, was engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the States of New Jersey, New York, and Pennsylvania.

5.	The acts of omission and commission causing injuries to the Plaintiff were done by the defendant, their agents, servants, workmen and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of the defendant.

6.	The Plaintiff was employed by defendant and was acting in the scope of his employment by the defendant as a B&B Plumber and was engaged in the furtherance of interstate commerce within the meaning of said Act.

7.	All the property, equipment and operations involved in Plaintiff's injury were owned and/or under the direct and exclusive control of the defendant, their agents, servants, workmen and/or employees.

8.	On or about April 3, 2019, Plaintiff, while shoveling stone into a dune buggy he tore his rotator cuff and injured/aggravated his lower back. The dune buggy was perched high on the ballast and had no means to lower the bed. To place the stone into the bed, Plaintiff was required to lift shovel with stone over his chest and twist the load into the bed of the dune buggy while standing on uneven, shifting ballast stone. This action overloaded his shoulder causing extensive damage as well as his lower back.

10.	As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff suffered injury to his shoulder and back both of which required surgical repair.

11.	As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been unable to attend to his usual duties and occupations,

all of which caused present, past, and future economic loss including but not limited to loss of past earning capacity and future reduction of earning capacity.

11. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been required to receive and undergo medical treatment and medical care for these injuries.

12. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has sustained pain, suffering, inconvenience, stress, and a loss of enjoyment of life and may continue to suffer same for an indefinite period of time in the future.

WHEREFORE, the Plaintiff demands judgment and compensatory damages against the defendant.

                          KELLER & GOGGIN, P.C.

BY:    */s/ James M. Duckworth*
         JAMES M. DUCKWORTH, ESQUIRE
         *Counsel for Plaintiff*

Dated: February 25, 2022

**KELLER & GOGGIN, P.C.**
By: James M. Duckworth, Esquire          Attorney for Plaintiff
Identification No.: 033861998
Suite 900
1528 Walnut Street
Philadelphia, PA 19102
(215) 735-8780

| | |
|---|---|
| BRIAN KENNY | : Superior Court of New Jersey |
| 2 Greenview Dr. | : Law Division |
| Chesterfield, NJ 08515 | : Essex County |
| | : |
| v. | : |
| | : Docket No. |
| NEW JERSEY TRANSIT RAIL | : |
| OPERATIONS, INC. (NJT) | : |
| One Penn Plaza East | : **JURY TRIAL DEMANDED** |
| Newark, NJ   07105-2246 | : |
| | : |
| | : |

## JURY DEMAND

Plaintiff demands trial by jury in all triable issues of this Complaint.


_____
James M. Duckworth, Esquire
*Attorney for Plaintiff*


DATED:     February 25, 2022

4